UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FLOYD VAN HOOSER,

                       Petitioner,

   -against-                                   9:19-CV-1143 (LEK)

TIMOTHY McCARTHY,

                       Respondent.

**DECISION AND ORDER**

**I.    INTRODUCTION**

On September 16, 2019, Petitioner Floyd Van Hooser filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244. Dkt. No. 1 ("Petition"). That same day, the Court directed the Clerk to administratively close this action for Petitioner's failure to properly commence it. Dkt. No. 2 ("September 16, 2019 Order"). The Court advised Petitioner that if he desired to pursue this case he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00); or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty days of the September 16, 2019 Order. Id. at 2. On September 27, 2019, the Court received the statutory filing fee and the case was reopened. Dkt. No. 3 ("September 27, 2019 Van Hooser Letter") (requesting the Court reopen case); September 27, 2019 CM/ECF Entry (filing fee receipt); Dkt. No. 4 ("September 27, 2019 Text Order") (reopening case).

The Court has reviewed the Petition and Petitioner is directed to file an affirmation with the Court addressing the issues discussed below.

**II.    THE PETITION**

Petitioner challenges a 2011 guilty plea made in Onondaga County Court of three counts of second degree attempted burglary and one count of third degree burglary. Pet. at 2; see also People v. Vanhooser, 6 N.Y.S.3d 361, 362 (N.Y. App. Div. 2015). On March 27, 2015, the New York State Supreme Court Appellate Division, Fourth Department remanded Petitioner's judgment to the Onondaga County Court for re-sentencing. Vanhooser, 6 N.Y.S.3d at 363. Petitioner was subsequently re-sentenced and, after the Fourth Department unanimously affirmed the judgment, New York State Court of Appeals denied Petitioner leave to appeal his re-sentencing. People v. Vanhooser, 57 N.Y.S.3d 811, 812 (N.Y. App. Div. 2017), lv. denied, 30 N.Y.3d 954 (2017). Petitioner also moved to vacate his sentence pursuant to New York Criminal Procedure Law § 440.10 ("440 Motion"). Pet. at 3. The 440 Motion was denied by the trial court, but then remanded for an evidentiary hearing on appeal. People v. Vanhooser, 58 N.Y.S.3d 760, 762 (N.Y. App. Div. 2017). While the Court could not confirm the date of the decision or the specific outcome of said remand through its own research, Petitioner indicated that the 440 Motion received a hearing and was denied on October 23, 2017. Pet. at 4. Petitioner, however, did not indicate whether he sought leave to appeal that decision or, if he did seek leave, whether the Appellate Division denied Petitioner's request.

Petitioner contends that he is entitled to federal habeas relief because (1) his constitutional rights were violated when the trial court failed to give him an opportunity to make a statement and withdraw his plea and (2) his counsel was constitutionally ineffective. Id. at 4. For a complete statement of Petitioner's claims, reference is made to the Petition.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state-court, criminal convictions. § 2244(d)(1). At issue is whether Petitioner has filed his Petition within the one-year period. "[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006).

According to § 2244(d)(1):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)–(D).

The only provision applicable here is § 2244(d)(1)(A). The Court must therefore determine whether a state court has issued a final judgment, and, if so, whether a year has elapsed between the issuance of the judgment and the date Petitioner filed his Petition.

A state conviction becomes "final" for the purposes of § 2244 when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. See Saunders v. Senkowski, 587 F.3d 543, 547 (2d Cir. 2009). The one-year limitations period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2); Saunders, 587 F.3d at 548. Thus, filing a 440 motion tolls the statute of limitations, which "remains tolled until either: (1) the time to seek leave to appeal from the denial of the CPL § 440 motion expires; or (2) the date the Appellate Division decides any motion for leave to appeal." Raucci v. Kirkpatrick, No. 16-CV-31, 2016 WL 204495, at *3 n.4 (N.D.N.Y. Jan. 15, 2016) (internal citations omitted). While the tolling provision "excludes time during which properly filed state relief applications are pending, [it] does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

The AEDPA's one-year statute of limitations period is also "subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal citations omitted); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). A petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition.

Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010); see Smith, 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient grounds for equitable tolling).

Even if a petitioner does not assert "an excuse for filing after the statute of imitations has run," an equitable exception to the one-year statute of limitations under § 2244(d)(1) exists in cases where a petitioner can prove actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 386, 392 (2013). However, "tenable actual-innocence pleas are rare" and a petitioner must "persuade the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 386 (citations and internal quotation marks omitted).

Upon re-sentencing the Court of Appeals affirmed Petitioner's conviction on September 20, 2017. Vanhooser, 30 N.Y.3d at 954. Petitioner's conviction became a final judgment for purposes of the AEDPA ninety days later, on December 19, 2017, when the time to seek a writ of certiorari expired. Saunders, 587 F.3d at 547. Unless Petitioner's 440 Motion has not reached a final judgment, or equitable tolling or an equitable exception applies to the limitations period, the Petition is time barred since Petitioner's conviction reached a final judgment over one year before the Petition was filed on September 16, 2019. However, the record currently does not indicate whether Petitioner's 440 Motion has reached a final judgment. As discussed above, Petitioner does not clarify whether he sought leave to appeal the denial of his 440 Motion or, if he did seek leave, whether the Appellate Division denied Petitioner's request. Furthermore, the record does not show whether equitable tolling or an editable exception applies to the limitations period.

5

Before the Court may dismiss the Petition sua sponte for untimeliness, Petitioner is entitled to notice and an opportunity to be heard regarding the statute-of-limitations issue. Day, 547 U.S. 198 at 209–11. Accordingly, the Court will give Petitioner an opportunity to file a written affirmation within thirty days of the date of this Decision and Order explaining why the statute of limitations should not bar his Petition. This affirmation shall not exceed fifteen pages in length. If Petitioner fails to comply with this order, this Petition shall be dismissed as time-barred under § 2244(d).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner may file a written affirmation, within **thirty days** of the date of this Decision and Order, explaining why the statute of limitations should not bar the Petition. The affirmation shall not exceed fifteen pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. **For those application(s) that were denied, Petitioner should state whether he sought leave to appeal the denial of those application(s) and, if applicable, the result of any appeals. If Petitioner asks the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If Petitioner asks the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.** The Court will not require Respondent to answer the Petition until Petitioner has submitted the required affirmation and the Court has reviewed its contents; and it is further

**ORDERED**, that upon Petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the Court for review; and it is further

**ORDERED**, that if Petitioner fails to submit the required affirmation, this Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order at Plaintiff's last known address in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:　　October 16, 2019
　　　　　　Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge