UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FLOYD VAN HOOSER,

                Petitioner,

      v.                                    9:19-CV-1143 (LEK)

TIMOTHY MCCARTHY,

                Respondent.

_____

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Petitioner Floyd Van Hooser filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner challenged a 2011 judgment of conviction in Onondaga County, upon a guilty plea, of three counts of second-degree attempted burglary and one count of third-degree burglary. Pet. at 1; see also People v. Vanhooser, 126 A.D.3d 1531, 1531 (N.Y. App. Div. 4th Dep't 2015).

On October 16, 2019, the Court directed Petitioner to file an affirmation explaining why the statute of limitations should not bar his petition. Dkt. No. 5. On November 13, 2019, the Court received Petitioner's timely filed affirmation. Dkt. No. 6 ("Affirmation").

In Petitioner's Affirmation, he clarified that he is not seeking to "review the legality of [his] 2011 conviction, but the 2003 nunc pro tunc re[-]sentencing proceedings which likewise took place on September 13, 2011," whereupon "the trial court converted Petitioner's 2003 conviction for attempted burglary in the second degree from a first time violent felony into a second time violent felony, while maintaining the length of the original 2003[,] 7-year sentence[.]" Affirmation at 1–2. The re-sentencing "enable[d] the court to sentence Petitioner as

a third time violent felon . . . for the current 2011 conviction to which Petitioner had pled guilty .

. . on September 13, 2011." Id. at 2 (alterations omitted). In sum, "[t]he retrospective alteration

of Petitioner's felony status . . . exposed Petitioner to a greater sentence for the current 2011

burglaries, carrying the maximum sentence of life imprisonment." Id. Respondent was directed

to file an answer. Dkt. No. 7.

Respondent filed a limited response focusing solely on the issue of subject-matter

jurisdiction. Dkt. No. 11. Petitioner filed a reply. Dkt. No. 14.

Presently before the Court is Respondent's (1) request to withdraw the limited answer;

(2) motion to have Petitioner file a more definite response pursuant to Federal Rule of Civil

Procedure 12(e); and (3) request to submit a new response to the petition. Dkt. No. 16

("Requests and Motion").

Respondent explains that "[u]pon further review of the facts and the law, . . . [he is

uncertain whether] [P]etitioner has failed to satisfy the 'in custody' requirement." Requests and

Mot. at 1. Therefore, Respondent seeks to withdraw the limited answer and file a new answer

addressing issues of jurisdiction, timeliness, exhaustion, and the merits of Petitioner's claims. Id.

Respondent's requests are granted.

In addition, Respondent's motion for Petitioner to provide a more definite statement of

his claims, id., is also granted.

## II.    DISCUSSION

The Court agrees with Respondent's motion for Petitioner to provide a more definite

statement of his claims given the uncertainty in the pleadings thus far. Federal rules provide that

"[a] party may move for a definite statement of a pleading . . . which is so vague or ambiguous

2

that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Petitioner initially indicated that he was challenging his 2011 conviction from Onondaga County. Pet. at 1. However, in his affirmation, Petitioner indicated he was challenging his September 13, 2011, re-sentencing. Affirmation at 1–2. Respondent clarifies that this re-sentencing was "in connection with [a] guilty plea to a separate accusatory instrument, Superior Court Information No. 2002-0956-1." Requests and Mot. at 2. Respondent further argues that "[t]his case . . . has a complex procedural history, which includes multiple guilty pleas and multiple sentencing and re-sentencing proceedings." Id. Therefore, it is prudent to ensure that Petitioner identifies the specific date and location of his sentencing where the alleged constitutional errors occurred.

Accordingly, Petitioner is directed to file a second affirmation. In it, Petitioner is to confirm that he is challenging the re-sentencing of his guilty plea to Superior Court Information No. 2002-0956-1, or clarify which other re-sentencing proceeding he is challenging. Petitioner is also directed to specifically identify both the court which decided, and the date of, the guilty plea and sentencing proceeding he is challenging.

## III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Respondent's requests to withdraw the limited answer and submit a new answer, Dkt. No. 16, are **GRANTED**. The response deadline is stayed pending submission of Petitioner's second affirmation providing a more definite statement of his claims; and it is further

**ORDERED**, that Respondent's motion for a more definite statement, Dkt. No. 16, is **GRANTED**. Petitioner shall have **thirty (30) days from this Order** to submit a second

affirmation, providing a more definite statement of the conviction he is challenging; and it is further

      **ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

      **IT IS SO ORDERED.**


DATED:      February 11, 2021
                Albany, New York



                Lawrence E. Kahn
                U.S. District Judge

4