UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

FLOYD VAN HOOSER,

                                    Petitioner,

        v.                                                              9:19-CV-1143 (LEK)

GERALD JONES, Superintendent,
Cayuga Correctional Facility[1],

                                    Respondent.

_____

## DECISION AND ORDER

## I.      INTRODUCTION

        Petitioner Floyd Van Hooser ("Petitioner") seeks federal habeas corpus relief pursuant to

28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Respondent opposes the Petition. Dkt. No. 29

("Memorandum of Law in Opposition"); Dkt. No. 30 ("Answer"); Dkt. Nos. 31 and 32 ("State

Court Records"). Petitioner filed a reply to the response. Dkt. No. 37 ("Traverse").

        For the reasons that follow, the habeas petition is denied and dismissed.

## II.     RELEVANT BACKGROUND

### A.  2003 Conviction

On November 4, 2002, Petitioner appeared in Onondaga County Court before the

_____

        [1]   According to the New York State Department of Correctional Services' official
website, Petitioner is presently incarcerated in Cayuga Correctional Facility. See
http://nysdoccslookup.doccs.ny.gov/ (DIN 11-B-3205) (last visited Feb. 3, 2022). Therefore, the
correct Respondent is Gerald Jones, the Superintendent of Cayuga Correctional Facility. 28
U.S.C. § 2243. In light of Petitioner's pro se status, the fact that this will not prejudice
Respondent, and in the interests of court efficiency, this Court will deem the Petition amended to
change the name of Respondent to Gerald Jones. The Clerk of the Court is directed to terminate
Timothy McCarthy as Respondent and add Gerald Jones, Superintendent of Cayuga Correctional
Facility, as the new Respondent, and revise the caption of this case accordingly.

Honorable William E. Walsh and pled guilty to attempted burglary in the second degree. T at 2–11.[2] On January 6, 2003, Judge Walsh sentenced Petitioner to a seven year determinate sentence followed by five years post-release supervision. Id. at 22. During the sentencing hearing, Petitioner signed a predicate felony statement and admitted he was previously convicted of burglary in the third degree in Onondaga County Court on March 17, 1999. Id. at 16–17; SR at 4. The court noted Petitioner "had a conviction for burglary in the second degree in '86," but limited the discussion to "the 1999 conviction, that was burglary in the third degree[.]" T at 16–17.

Petitioner served his sentence and was released from custody. SR at 138.

**B. September 13, 2011 Proceedings**

In 2011, Petitioner was arrested and charged in an indictment with knowingly entering and remaining unlawfully in buildings in the city of Syracuse, with the intent to commit a crime. T at 37–38.

On September 13, 2011, Petitioner appeared before Judge Walsh for two proceedings. T at 26.

    1. *Re-sentencing of 2003 Conviction*

The first hearing was a re-sentencing on the 2003 conviction. T at 26. The court discussed the 2002 plea and noted:

> When we did the predicate statement he admitted to a burglary in the third degree, which was a more recent offense, as opposed to the burglary in the second degree, which he was convicted of on June 9th,

---

[2] "T" refers to transcripts of state court proceedings and are found at Dkt. No. 32. Furthermore, "SR" refers to the state court record, found at Dkt. No. 31. Citations to the submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

> 1986, an offense for which a sentence of up to fifteen years was authorized. Whereby had he done that, he would have been determined to be a violent predicate, a second violent felony offender. The Court of Appeals has directed that we have to right that because we did it wrong back in 2002.

T at 27.

The court received a predicate felony statement that included a conviction for burglary in the second degree on June 9, 1986. T at 27–28. Petitioner admitted to the 1986 conviction and did not contest the fairness or constitutionality of that conviction. Id. at 28. The court re-sentenced Petitioner *nunc pro tunc* as a second violent felony offender to the sentence originally imposed. Id. at 30.

### 2. Plea to 2011 Indictment

After a brief adjournment, Petitioner and his counsel returned for another proceeding before Judge Walsh. At that time, Petitioner pled guilty to three counts of burglary in the second degree and one count of burglary in the third degree in full satisfaction of the pending eight count indictment (Indictment No. 2011-0774-1). T at 34–45; SR at 5. The plea agreement provided that Petitioner would serve, "a sentence as a mandatory persistent felony offender, sixteen years, conditioned upon a waiver of appeal." T at 36. Petitioner admitted he was convicted of burglary in the second degree in 1986. Id. at 44–45.

### C. Sentencing for 2011 Conviction

On October 11, 2011, Petitioner appeared before Judge Walsh for a sentencing hearing. T at 47. The prosecution filed a persistent violent felony statement pursuant to New York Criminal

3

Procedure Law ("CPL") § 400.16 and Penal Law § 70.08.[3] Id. at 48, 57. In the statement, the prosecution alleged Petitioner was previously convicted of burglary in the second degree in 1986 and attempted burglary in the second degree in 2003. SR at 5–6. Petitioner signed the statement. Id. Petitioner requested a hearing in regard to whether he was a mandatory persistent violent felony offender. T at 52–53. In response, Judge Walsh stated that Petitioner may be in violation of the plea agreement and asked Petitioner, "[d]o you want to come back tomorrow? The deal could very well be off [. . .] [o]r I could just let you withdraw your plea. I don't know." Id. at 53, 57. Judge Walsh told Petitioner, "[i]f you want the deal, then take it. I'd like your decision now[.]" Id. at 57. Petitioner responded, "I'll take [the deal]." Id. at 54–57. Petitioner was sentenced as a persistent violent felony offender to an indeterminate term of sixteen years to life imprisonment for each count of burglary in the second degree and an indeterminate sentence of two to four years for third degree burglary, with all sentences to run concurrently. T at 58–59. On October 1, 2012, Petitioner filed a notice of appeal. SR at 7.

### D. First CPL § 440 Motion

On March 16, 2014, Petitioner filed a *pro se* motion to vacate the 2002 conviction

---

[3] Penal Law § 70.08 provides, "a persistent violent felony offender is a defendant who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions." "When information available to the court or to the people prior to sentencing for a violent felony offense indicates that the defendant may have previously been subjected to a predicate violent felony conviction, a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate violent felony conviction." N.Y. CPL § 400.15. Pursuant to CPL § 400.16, the requirements set forth in CPL § 400.15 for determining whether a defendant is a second violent felony offender also apply to determining whether a defendant is a persistent violent felony offender. Harrison v. Griffin, No. 14-CV-4452, 2017 WL 3105853, at *7 n.3 (E.D.N.Y. July 20, 2017) ("Pursuant to CPL § 400.16, the requirements set forth in CPL § 400.15—for determining whether a defendant is a second violent felony offender—also apply to determining whether a defendant is a persistent violent felony offender.") (citing N.Y. CPL § 400.16).

pursuant to CPL § 440.10 arguing: (1) he was denied effective assistance of counsel at the re-sentencing proceeding; and (2) the county court erred when it failed to afford him the opportunity to withdraw his guilty plea with respect to the 2002 conviction. SR at 9–22. The People opposed the motion. Id. at 24–32.

On June 14, 2014, the county court denied the motion without a hearing. SR at 45–49. The court found that the "re-sentencing did not prejudice the [Petitioner] in any way, as he received the same sentence that was originally contemplated at the time of the plea." Dkt. No. 31-1 at 4. The court noted that the record did not support Petitioner's claim that he wanted to withdraw his plea and, further, that the court was not obligated to *sua sponte* offer that option. SR at 48. The court denied Petitioner's claims related to the assistance of counsel finding, "the record indicates that [Petitioner] was satisfied with counsel's performance." Id.

### E. First Direct Appeal

In September 2014, Petitioner filed a counseled brief in the Appellate Division, Fourth Department ("AD"). SR at 50–69. The issues raised by Petitioner in his direct appeal to the AD were: (1) whether the waiver of appeal was valid; (2) whether the lower court erred in finding that Petitioner was a persistent violent felony offender; and (3) whether the lower court erred in re-sentencing Petitioner on a sentence he served. Id. The People opposed. SR at 68–87. On March 27, 2015, the AD unanimously affirmed the re-sentencing finding the claim was not preserved for appellate review. People v. Vanhooser, 4 N.Y.S.3d 567 (App. Div. 4th Dep't 2015) (appeal 1, from the resentencing). The AD modified Petitioner's 2011 judgment of conviction and remitted the matter to the county court for a hearing on whether Petitioner was a persistent felony offender. People v. Vanhooser, 6 N.Y.S.3d 361 (App. Div. 4th Dep't 2015) (appeal 2,

5

from sentencing).

**F. Persistent Violent Felony Offender Hearing and Re-sentencing**

On August 14, 2015, a formal persistent violent felony offender hearing was held. T at 61–90. At the close of the hearing, the sentencing court found that the prosecutor proved Petitioner was a persistent violent felony offender. Id. at 87. The court sentenced Petitioner to an indeterminate term of sixteen years to life imprisonment for each count of burglary in the second degree and an indeterminate sentence of two to four years for third degree burglary, with all sentences to run concurrently. Id. at 88.

**G. Second Direct Appeal and Appeal from First § 440.10 Motion**

The AD granted Petitioner leave to appeal the trial court's denial of his first § 440 motion.[4] On November 29, 2016, the AD consolidated that appeal with Petitioner's appeal from the August 14, 2015 judgment. SR at 91. Petitioner filed a counseled brief arguing: (1) his counsel was ineffective for failing to move to withdraw Petitioner's plea; (2) the People failed to prove that Petitioner was a persistent violent felony offender; and (3) the violent felony offender statute is unconstitutional. SR at 94–110. The People opposed. Id. at 111–128. On June 9, 2017, the AD unanimously reversed the order denying Petitioner's CPL § 440.10 motion. People v. Vanhooser, 58 N.Y.S.3d 760 (App. Div. 4th Dep't. 2017) (appeal 1, from the denial of the § 440 motion) The AD remitted the matter to the county court for a hearing on the issue of whether counsel determined if Petitioner had a right to withdraw his 2002 plea and, if so, whether counsel communicated that information to Petitioner. Id. The AD unanimously found that the People met

---

[4]  The date that the AD granted leave to appeal is not included in the record before the Court.

their burden of establishing that Petitioner was a persistent violent felony offender. People v. Vanhooser, 57 N.Y.S.3d 811 (App. Div. 4th Dep't. 2017) (appeal 2, from re-sentencing). The AD declined to address the issue of whether the violent felony offender statute was unconstitutional because Petitioner "failed to notify the Attorney General of his challenge to the constitutionality[.]" Id.

On June 21, 2017, Petitioner filed an application seeking leave to appeal from the portion of the AD Order that affirmed the August 2015 re-sentencing by the county court. SR at 133.

On September 20, 2017, the New York State Court of Appeals denied Petitioner's application for leave to appeal the AD's decision. SR at 136; see People v. Vanhooser, 30 N.Y.3d 954 (2017).

### H. October 3, 2017 Hearing

On October 3, 2017, pursuant to the AD directive, the county court held a hearing related to the effectiveness of Petitioner's counsel related to the 2002 conviction. T at 92–140. At the conclusion of the hearing, the county court issued a written decision. SR at 137–147. The court noted that admission to a prior felony conviction was not a condition of Petitioner's 2002 plea agreement and thus, "it does not appear that the [Petitioner] had the right to withdraw his plea[.]" Id. at 141, 143. The court found Petitioner's testimony "self-serving and not credible." Id. at 142. Citing to, inter alia, Strickland v. Washington, 466 U.S. 668 (1984), the court noted "the proof against the defendant was overwhelming[.]" Id. at 143, 145. Moreover, Petitioner did not establish that, "but for counsel's error, he would have elected to proceed to trial and withdraw his prior guilty plea . . . especially in light of the strength of the People's case[]" and the "advantageous" plea. Id. at 146–147.

7

On December 26, 2017, Petitioner's counsel filed a motion for leave to appeal the October 23, 2017 county court decision. SR at 149–151. On March 19, 2018, the AD denied Petitioner's application for leave to appeal. SR at 152.

### I. Second CPL § 440 Motion

On June 29, 2018, Petitioner filed a second *pro se* motion to vacate his 2003 conviction. SR at 153–207. Petitioner argued: (1) his counsel failed to advise him of his right to appeal from the re-sentencing; and (2) the county court failed to allow him to make a statement before re-sentencing. Id. at 157.

On August 20, 2018, the county court denied the motion without a hearing. SR at 208–214. The court found that Petitioner's motion was procedurally barred pursuant to CPL §§ 440.10(2)(c) and 440.10(3)(c). Id. at 213. The court also noted Petitioner "took an appeal from his re-sentencing, despite his current claim that he was not apprised of his right to appeal." Id.

On March 5, 2019, the AD denied Petitioner's application for leave to appeal. SR at 224. Petitioner's motion to renew and reargue his leave to appeal was denied on May 22, 2019. Id. at 281.

### III.   PROCEEDINGS IN THIS COURT

Petitioner filed his original Petition in September 2019 claiming he is entitled to federal habeas relief because (1) his constitutional rights were violated when the trial court failed to give him an opportunity to make a statement and withdraw his plea; and (2) his counsel was constitutionally ineffective. See Pet. at 4. In a Decision and Order filed on October 16, 2019, Dkt. No. 5 (the "October Order"), the Court construed the Petition as a challenge to a 2011 guilty plea made in Onondaga County Court on three counts of second degree attempted burglary and one

8

count of third degree burglary. October Order at 2 (citing Pet. at 2 and People v. Vanhooser, 6

N.Y.S.3d 361, 362 (N.Y. App. Div. 2015)). In the October Order, the Court directed Petitioner to

file a written affirmation explaining why the statute of limitations should not bar the Petition. See

id.

    Petitioner complied with the Court's order and filed an affirmation, dated November 9,

2019. Dkt. No. 6. In Petitioner's Affirmation, he clarified he is not seeking, "to review the

legality of [his] 2011 conviction, but the 2003 *nunc pro tunc* re[-]sentencing proceedings which

likewise took place on September 3, 2011" whereupon "the trial court converted Petitioner's

2003 conviction for attempted burglary in the second degree from a first time violent felony into

a second time violent felony, while maintaining the length of the original 2003[,] 7-year

sentence[.]" Id. at 1–2. Petitioner avers he "only seeks to challenge the re[-]sentencing

proceedings regarding the 2003 conviction -- and not the 2011 case - the 1 year period of

limitation to file a habeas corpus commenced on September 13, 2011[.]" Id. at 2. In a Decision

and Order filed on November 21, 2019, the Court directed Respondent to respond to the Petition

and the arguments made in the affirmation. Dkt. No. 7 (the "November Order").

    On April 11, 2020, Respondent filed a limited response focusing solely on the issue of

subject-matter jurisdiction. Dkt. No. 11. In January 2021, Respondent filed: (1) a request to

withdraw the limited answer; (2) a motion to have Petitioner file a more definite statement

pursuant to Federal Rule of Civil Procedure 12(e); and (3) a request to submit a new response to

the Petition. Dkt. No. 16. In a Memorandum-Decision and Order filed on February 12, 2021, the

Court granted Respondent's request to withdraw the limited answer and directed Petitioner to file

a more definite statement. Dkt. No. 17 ("February Order"). Specifically, the February Order

directed Petitioner to file a second affirmation in which he either (1) confirms that he is

challenging the re-sentencing of his guilty plea to Superior Court Information No. 2002-0956-1

or (2) clarifies which other re-sentencing procedure he is challenging. Id. at 3. Furthermore,

Petitioner was directed to identify the court that decided the guilty plea and sentencing

proceeding he is challenging, along with the date of that court's decision. Id. Petitioner complied

with the Court's order and filed a second affirmation, dated April 18, 2021. Dkt. No. 21. In the

second affirmation, Petitioner states that he is challenging "the re-sentencing proceeding in

regards to Superior Court Information number 2002-0956-1, taking place before the County

Court Judge, Donald E. Walsh, on September 13, 2011." Id. After the second affirmation was

submitted, Respondent was to be given the opportunity to respond. See Dkt. No. 17.

Respondent argues that Petitioner's challenge to the 2002 judgment should be dismissed

for failure to satisfy the "in custody" requirement. Dkt. No. 29 at 12–13. Respondent also

contends, to the extent that Petitioner is challenging his 2011 conviction, his petition is time

barred. Id. at 14–18. Finally, Respondent argues Petitioner's claims are procedurally barred and

meritless. Id. at 19–28.

## IV.   DISCUSSION

### A. "In Custody"

"In order for a federal court to have jurisdiction over a habeas petition, the petitioner must

be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." Vega v.

Schneiderman, 861 F.3d 72, 74 (2d Cir. 2017) (citing 28 U.S.C. § 2254(a)); see also Maleng v.

Cook, 490 U.S. 488, 490–91 (1989) (per curiam); Nowakowski v. New York, 835 F.3d 210, 215

(2d Cir. 2016). This statutory language represents a jurisdictional prerequisite and has been

interpreted to require that a petitioner be "in custody" under the conviction or sentence under

attack at the time the petition is filed. Maleng, 490 U.S. at 490–91; Bomasuto v. Perlman, 680 F.

Supp. 2d 449, 455–56 (W.D.N.Y. 2010). If a petition is filed after a sentence has been fully

served and expired, the petitioner is no longer "in custody" pursuant to that conviction and he

may not directly challenge it by way of a petition for writ of habeas corpus in federal court. See

Lackawanna Cty. Dist. Att'y v. Coss, 532 U.S. 394, 401–02 (2001). The Supreme Court has

explicitly ruled that a habeas petitioner does not "remain in custody under a conviction after the

sentence imposed for it has fully expired, merely because of the possibility that the prior

conviction will be used to enhance the sentences imposed for any subsequent crimes of which he

is convicted." Maleng, 490 U.S. at 492; Valdez v. Hulihan, 640 F. Supp. 2d 514, 515 (S.D.N.Y.

2009) (holding that once a petitioner's sentence has expired he or she is no longer "in custody"

under that conviction, "even when the possibility exists that the conviction may be used to

enhance a future sentence").

According to the New York State Department of Corrections and Community

Supervision website, Petitioner is currently incarcerated pursuant to the 2011 conviction.[5]

Petitioner's post-release supervision on his 2002 conviction expired on September 2, 2013. SR at

286–87. Because Petitioner is no longer "in custody" on the 2002 conviction, the conviction is

"no longer open to direct or collateral attack." See Coss, 532 U.S. at 401 (holding that the

respondent was not "in custody" on previous conviction merely because it had been used to

enhance a subsequent sentence); see also Weiss v. Superintendent, No. 13-CV-0419, 2016 WL

11478223, at *5 (N.D.N.Y. Sept. 12, 2016) (holding that the court lacked jurisdiction over the

---

[5] See http://nysdoccslookup.doccs.ny.gov/ (DIN 11-B-3205) (last visited Feb. 22, 2022).

petitioner's challenge to the validity of a 2007 conviction used to enhance a perjury conviction), report and recommendation adopted, 2016 WL 5900155 (N.D.N.Y. Oct. 11, 2016).

To the extent that the Petition may be construed as asserting a challenge to the 2011 conviction, "as enhanced by the allegedly invalid [2003] conviction," that claim is also subject to dismissal. "Where, as here, the prior conviction is no longer subject to direct or collateral attack, an indirect challenge to the enhanced sentence under § 2254 is permissible only where the prior conviction is allegedly invalid for one of the following three reasons: '(1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence.'" Harrison v. Griffin, No. 13-CV-4641, 2014 WL 3490917, at *4 (E.D.N.Y. July 11, 2014) (citing inter alia, Coss, 532 U.S. at 403–404).

Here, Petitioner was represented by counsel at the September 2011 proceedings and asserts that his counsel was ineffective for failing to advise him of his right to withdraw his 2002 plea or appeal. Pet. at 4; Dkt. No. 37 at 10–11. "[A]llegations of ineffective assistance of counsel are insufficient to permit application of this exception to the bar on collaterally attacking an expired conviction used as a sentence enhancement." Harrison, 2014 WL 3490917, at *4 (citations omitted); see also Mitchell v. Miller, No. 15-CV-6618, 2018 WL 7917680, at *6 (E.D.N.Y. June 12, 2018) (finding that challenges based on ineffective counsel rather than the failure to appoint counsel are unavailable under Coss), report and recommendation adopted sub nom., 2019 WL 1473085 (E.D.N.Y. Mar. 31, 2019); Barnes v. Superintendent, No. 08-CV-2158, 2012 WL 4049617, at *2 (E.D.N.Y. Sept. 13, 2012) (dismissing petition based upon argument that the prior conviction was constitutionally defective because his trial counsel was ineffective

for failing to notice an appeal and request appointed counsel for an appeal). Because the remaining <u>Coss</u> exceptions do not apply to the facts herein, the Court lacks jurisdiction over any enhancement claim. <u>See, e.g.</u>, <u>Weiss</u>, 2016 WL 11478223, at *5 (holding that the court lacked jurisdiction over the petitioner's challenge to the validity of a 2007 conviction used to enhance a perjury conviction), <u>report and recommendation adopted</u>, 2016 WL 5900155 (N.D.N.Y. Oct. 11, 2016).

Accordingly, Petitioner cannot meet the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "in custody" requirement and the Court therefore lacks jurisdiction over his Petition. <u>See, e.g.</u>, <u>Triestman v. Schneiderman</u>, No. 16-CV-1079, 2016 WL 6110489, at *2–4 (N.D.N.Y. Sept. 20, 2016) (concluding, upon initial review, that habeas petitioner was not "in custody" for purposes of his petition, and recommending dismissal of the petition), <u>adopted</u>, 2016 WL 6106467, at *3 (N.D.N.Y. Oct. 19, 2016). Because the Court lacks jurisdiction over Petitioner's challenge to his 2002 conviction, the Petition must be dismissed.

**B. Timeliness**

To the extent that the Petition could be construed to include a challenge to the 2011 conviction, the Court addresses the issue of timeliness.[6] The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state-court, criminal convictions. 28 U.S.C. § 2244(d)(1). According to § 2244(d)(1), the one-year period of limitation

---

[6] While the Court will construe the Petition liberally and engage in an analysis of the timeliness of a challenge to the 2011 conviction, the Court notes that Petitioner was provided with ample opportunity to clarify which conviction he sought to challenge. In every submission, Petitioner clearly stated he sought to challenge the re-sentencing procedure related to his 2003 conviction and that he "does not challenge the 2011 conviction on habeas review." <u>See</u> Dkt. No. ¶ 6 at 3; Dkt. No. 21; Dkt. No. 37 at ¶ 4.

shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

§ 2244(d)(1)(A)–(D).

For purposes of section 2244, a state conviction becomes "final" when the United States

Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari

has expired, which is ninety days after the date on which the highest court in the state has

completed direct review of the case. Gonzalez v. Thayer, 565 U.S. 134, 150 (2012); Saunders v.

Senkowski, 587 F.3d 543, 547–49 (2d Cir. 2009).

The § 2244(d)(1)(D) limitations period "runs from the date a petitioner is on notice of the

facts which would support a claim, not from the date on which the petitioner has in his

possession evidence to support his claim." Williams v. Phillips, No. 04-CV-4653, 2005 WL

1806161, at *9 (S.D.N.Y. Aug. 2, 2005) (quoting Youngblood v. Greiner, No. 97-CV-3289, 1998

WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998)). The date that the clock begins to run for the

factual predicate exception is a question of fact appropriately answered by the district court. Wims v. United States, 225 F.3d 186, 191 (2d Cir. 2000).

Petitioner argues that the one-year limitation period did not commence until March 19, 2018, the date the AD denied leave to appeal the lower court's October 2017 decision. See Dkt. No. 6 at ¶ 18. To the extent Petitioner's allegations could be construed to assert that the 2017 and 2018 state court decisions provided the factual predicate for the commencement of the statute of limitations for his 2011 conviction, such contentions are misplaced. The October 2017 decision and the March 2018 AD order involved the 2002 conviction; therefore, because the decisions relate to a completely different conviction, they could not serve as the factual predicate for determining when the 2011 conviction became final. Accordingly, Petitioner's arguments related to § 2244(d)(1)(D) are not relevant to the issue of whether challenges to the 2011 conviction are timely.

Rather, the applicable section is § 2244(d)(1)(A). As stated *supra*, the Court of Appeals denied Petitioner's application for leave to appeal his 2011 conviction on September 20, 2017. Vanhooser, 30 N.Y.3d at 954. Petitioner did not seek a writ of certiorari, and thus his 2011 conviction became final ninety days later, December 19, 2017. See Pet. at 2; Thaler, 565 U.S. at 149–150 (finding that Petitioner's judgment became final when their time for seeking certiorari review expired). Therefore, Petitioner had until December 19, 2018 to timely file the instant Petition. The Petition was purportedly placed in the mail on September 12, 2019.[7] Therefore, it is untimely.

---

[7] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988).

### 1. Statutory Tolling

The one-year limitations period under the AEDPA is tolled "while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. "A 'pertinent judgment or claim' requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition." Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Thus, filing a 440 motion tolls the statute of limitations, which "remains tolled until either: (1) the time to seek leave to appeal from the denial of the CPL § 440 motion expires; or (2) the date the Appellate Division decides any motion for leave to appeal." Raucci v. Kirkpatrick, No. 16-CV-31, 2016 WL 204495, at *3 n.4 (N.D.N.Y. Jan. 15, 2016) (internal citations omitted). While the tolling provision "excludes time during which properly filed state relief applications are pending, [it] does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

Here, it appears Petitioner argues that his two section 440 motions, and the appeals therefrom, which produced the 2017 and 2018 state court decisions referenced above, statutorily tolled the limitations period. However, in both motions, Petitioner presented challenges to his 2002 conviction. Petitioner did not file any collateral attacks related to the 2011 conviction. Because both 440 motions involved challenges to "different convictions" than the conviction

challenged in the § 2254 petition, the filing of said motions does not toll the limitations period.[8]

See McCurry v. Davis, No. 17-CV-00156, 2017 WL 6803765, at *3 (W.D. Tex. Nov. 29, 2017)

(citing Godfrey, 396 F.3d at 868–87).

Therefore, unless another type of tolling applies, the Petition is untimely.

### 2. Equitable Tolling

AEDPA's one-year statute of limitations period "is subject to equitable tolling in

appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a

petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting

Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.

2008). Courts have also recognized an equitable exception to the one-year statute of limitations

under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence. McQuiggin

v. Perkins, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not

constitute extraordinary circumstances preventing him or her from filing a timely petition.

Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010); see Smith, 208 F.3d at 18 (noting that a

petitioner's pro se status does not establish sufficient ground for equitable tolling).

Petitioner offers no evidence of his innocence. Accordingly, he has failed to plead, let

alone demonstrate, actual innocence as that term is defined by the Supreme Court, and he is not

entitled to use actual innocence as a gateway to federal habeas review of his untimely petition.

---

[8] Furthermore, Petitioner's first § 440 motion was decided in June 2014 before his 2011 conviction became final and the limitations period began to run; therefore, it cannot be used for tolling purposes. See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute of limitations, the state petition must be ... pending during the tolling period.") (internal quotation marks omitted).

<u>McQuiggin</u>, 569 U.S. at 386. Petitioner has not identified any extraordinary circumstance causally related to his failure to comply with the one-year statute of limitations period. Accordingly, Petitioner has failed to establish that equitable tolling is appropriate and the Court can discern no other reason, on this record, to apply it.[9]

## V.   CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the Clerk of the Court shall amend the caption to substitute Gerald Jones, Superintendent of Cayuga Correctional Facility, for Timothy McCarthy; and it is further

**ORDERED**, that the Petition, Dkt. No. 1, is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[10] and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

---

[9]   Because the Court has determined that it lacks jurisdiction over Petitioner's action and, further, that the petition is time-barred, the Court will not consider Respondent's additional arguments regarding procedural deficits or the merits of Petitioner's claims.

[10]   <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>see also</u> <u>Richardson v. Greene</u>, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

DATED:     March 9, 2022
           Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge